# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 20-5365**

**September Term, 2021**

Filed On: December 10, 2021

WILLIAM TURNBULL, ET AL.,
          APPELLANTS

v.

KILOLO KIJAKAZI, IN HER OFFICIAL CAPACITY AS ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, AND SOCIAL SECURITY ADMINISTRATION,
          APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-01750)

Before: PILLARD and RAO, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the order of the district court be **AFFIRMED**.

I.

Plaintiff-appellants are thirty-three American citizens or lawful permanent residents who are entitled to receive government pensions from both the Social Security Administration ("SSA") and various foreign countries in which they previously worked. They claim that, because of their foreign pension eligibility, the SSA has reduced (or, in one case, will soon reduce) their social security benefits under a part of the Social Security Act ("Act") called the Windfall Elimination Provision ("WEP"), 42 U.S.C. § 415(a)(7). Appellants maintain their foreign pensions do not fall within the WEP's scope if the WEP is interpreted in line with SSA regulations and relevant bilateral treaties regarding dual-pension recipients, and therefore no reduction of their social security benefits was warranted. They allege that, in calculating their benefits, the SSA's personnel relied on an agency manual, the Program Operations Manual System ("POMS"), which incorrectly

1

describes the law applicable to their cases.[1] They sought certification of a nationwide class, declaratory relief, and backpay of benefits.

The district court granted the SSA's motion to dismiss or, in the alternative, for summary judgment. *See Turnbull v. Berryhill*, 490 F. Supp. 3d 132 (D.D.C. 2020). First, the court found that venue was improper in the District of Columbia as to most of the plaintiffs. Under the Act, suits against the SSA "shall be brought in … the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in … the District of Columbia." 42 U.S.C. § 405(g). Since thirty-one of the plaintiffs did not claim to reside or have their principal place of business in the District of Columbia, venue was improper as to them. Venue was proper as to the two plaintiffs who live abroad—Anthony Jones and Evangelos Pezas—since they did not reside or have their place of business in any district. Second, the district court found that Jones and Pezas had not exhausted their administrative appeals as required by the Act and that no equitable exception to the exhaustion bar applied.[2] The district court declined to transfer the remaining plaintiffs' claims because there was no district in which venue would be proper as to all of them, they had not requested transfer, and their complaint had "obvious substantive problems." *Turnbull*, 490 F. Supp. 3d at 138. Plaintiffs timely appealed.

II.

We begin with appellants' argument that Jones and Pezas did not need to exhaust their administrative appeals. Failure to exhaust a social security appeal is not jurisdictional. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). "[W]e review non-jurisdictional exhaustion decisions for abuse of discretion." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1250 (D.C. Cir. 2004).

"[A] court may, in its discretion, excuse exhaustion if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Vt. Dep't of Pub. Serv. v. United States*, 684 F.3d 149, 159 (D.C. Cir. 2012) (cleaned up). But waiver is the exception, not the rule. *Commc'ns Workers of Am. v. AT&T*, 40 F.3d 426, 432 (D.C. Cir. 1994). In the social security context, courts consider (1) whether requiring administrative exhaustion "would have been futile"; (2) whether the legal claims are "collateral to the claims for benefits"; and (3) whether the plaintiff "would be irreparably injured" if the exhaustion requirement were enforced. *Bowen v. City of New York*, 476 U.S. 467, 485, 483 (1986). "Because no one is entitled to judicial relief until the prescribed administrative remedy has been exhausted," the "parties seeking judicial review before exhaustion" bear the burden of showing that one or more of those exceptions apply. *Tesoro Refin. & Mktg. Co. v. FERC*, 552 F.3d 868, 872 (D.C. Cir. 2009) (cleaned up).

To establish futility, a plaintiff must show that appealing the agency's decision internally would have been "clearly useless." *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trs. of Univ. of D.C.*, 56 F.3d 1469, 1475 (D.C. Cir. 1995). That an adverse agency decision is

---

[1] *See* SOC. SEC. ADMIN., PROGRAM OPERATIONS MANUAL SYSTEM (2021), https://secure.ssa.gov/apps10.

[2] To exhaust their administrative appeals, appellants would have had to request that the SSA reconsider their initial benefits determinations, request a hearing before an ALJ, and appeal any adverse ALJ decision to the SSA's Appeals Council. 20 C.F.R. § 404.900(a) (2020).

"*highly likely*" is not enough. *Commc'ns Workers*, 40 F.3d at 433. Appellants describe the POMS as an "across-the-board policy" that is consistently and unquestioningly applied to those who receive pensions from the United Kingdom, like Jones, or from Greece, like Pezas, and therefore that administratively appealing the policy would have been futile. As evidence of an agency-wide policy, appellants point to the POMS' statement that "[g]enerally, SSA assumes that work which was covered under a foreign social security system was not covered under U.S. Social Security," and so triggers the WEP's reduction of benefits. POMS GN 00307.290(C)(1).

An agency-wide policy supports a futility finding only when the agency "has evidenced a strong stand on the issue in question and an unwillingness to reconsider the issue." *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir. 1986). Jones and Pezas present no evidence that, if they had appealed their initial benefits determinations, the SSA would have relied exclusively on the POMS—irrespective of its legal obligations under the Act, SSA regulations, and relevant treaties—and would have rejected their claims. To the contrary, while this case was pending before the district court, one of their co-plaintiffs, William Tran, appealed his benefits determination and received a favorable ALJ decision. Tran's experience suggests that, if Jones and Pezas had appealed, they might have prevailed.

Furthermore, the POMS does not specifically direct whether and when to apply the WEP to pensions from Greece and the United Kingdom, and Jones and Pezas provide no reason to conclude that the SSA is committed to an inflexible policy governing Greek and British pension beneficiaries. *Cf. Beeler v. Colvin*, No. 15-cv-01481, 2016 WL 7111646, at *3 (S.D. Ind. Dec. 7, 2016) (holding that a Canada-specific provision in the POMS rendered an administrative appeal futile). If, as Jones and Pezas claim, the SSA incorrectly relied on the POMS to reduce their benefits, appealing that decision would have permitted the agency to correct its mistake and, if necessary, amend the POMS. *See Avocados Plus*, 370 F.3d at 1247 (explaining that one of the purposes of the exhaustion doctrine is to alert agencies to problems with internal policies so they can self-correct).

Next, Jones and Pezas argue that their legal challenge to the SSA's benefits policy is "collateral" to their claim for benefits. But Jones' and Pezas' legal claim—that the POMS' general statement of policy is unlawful—is just an aspect of their claim for full social security benefits without any WEP reduction. Determining whether the SSA may lawfully reduce their benefits is not collateral to whether they are owed their full benefits; it is the same question. *See Heckler v. Ringer*, 466 U.S. 602, 624 (1984); *see also Porzecanski v. Azar*, 943 F.3d 472, 483 (D.C. Cir. 2019) (holding claims are not collateral where "the issues [plaintiff] attempts to resolve through judicial decree are not merely related to his claim; they *are* his claim"); *Jarkesy v. SEC*, 803 F.3d 9, 23 (D.C. Cir. 2015) (holding legal claims "inextricably intertwined" with factual claims presented to an agency are not collateral).

Finally, neither Jones nor Pezas have pled facts demonstrating irreparable injury. That they are retired or have allegedly been subjected to a reduced standard of living is not, standing alone, sufficient to show irreparable harm. If it were, then waiver would be appropriate in all SSA cases brought by retirees, and this exception would swallow the usual exhaustion rule. *See Randolph-Sheppard*, 795 F.2d at 108 ("The usual time and effort required to pursue an administrative remedy does not constitute irreparable injury.").

We conclude the district court did not abuse its discretion in holding that Jones and Pezas

3

failed to exhaust their administrative appeals and also failed to demonstrate that a waiver of exhaustion was warranted.

We need not reach the appellants' venue argument (i.e., that if venue is proper as to one plaintiff under 42 U.S.C. § 405(g), it is also proper as to his co-plaintiffs). Even if their reading of the Act's venue-granting provision were correct, the thirty-one domestic plaintiffs would not be able to establish venue vicariously through Jones and Pezas—the only plaintiffs for whom venue was indisputably proper in the District of Columbia—because summary judgment was properly granted against them for failing to exhaust. The remaining plaintiffs' claims therefore fail for lack of venue.[3]

* * *

For the foregoing reasons, the judgment of the district court is affirmed. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**

Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

---

[3] Appellants do not contend that the district court's refusal to transfer the remaining plaintiffs' claims was an abuse of discretion and so have waived any challenge to that decision. *See United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 497 (D.C. Cir. 2004).

4